UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ARTHUR TAYLOR, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | Case No. 4:05CV540 HEA |
| v. | ) | |
| AARON MITCHELL, et al., | ) | |
| Defendants. | ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant Aaron Mitchell's Motion to Strike, [#51] and Motion for Summary Judgment, [#69]. Plaintiff has responded to the motions. For the reasons set forth below, Defendant Mitchell's motions are denied.

## Facts and Background

In April, 2005, Plaintiff filed this action, pursuant to 42 U.S.C. § 1983, against Defendant Aaron Mitchell for "sexual assault" and against various other correctional officers and prison staff for their subsequent failure to supply Plaintiff with immediate medical attention, constituting deliberate indifference toward Plaintiff in violation of Plaintiff's constitutional rights. At the time of the alleged constitutional violations, Plaintiff, Arthur Taylor, was incarcerated in the St. Louis County Justice Center, in Clayton, Missouri.

Plaintiff alleges that Defendant Aaron Mitchell, a former correctional officer at the Justice Center, forced Plaintiff to have unprotected sex with a female inmate. Specifically, Plaintiff claims Mitchell "threatened to keep Plaintiff in disciplinary segregation, refuse Plaintiff access to the telephone and visits, and threatened to physically assault Plaintiff with other officers . . . if Plaintiff didn't provide Defendant Mitchell with a 'sexual showcase' by having unprotected sexual intercourse with women inmates in pod 8B."

On May 11 and 13, 2002, while in "the bubble," Defendant Mitchell opened Plaintiff's cell door and then the mezzanine door leading to the first floor of pod 8B and ordered Plaintiff to go downstairs. Mitchell then opened the cell doors of female inmates and ordered them and Plaintiff to go to a cell which was positioned in front of the bubble. Mitchell ordered the inmates to place the cell mattress on the floor and have intercourse while Mitchell watched from the bubble and listened on the cell intercom. Plaintiff alleges this conduct on the part of Defendant Mitchell amounts to "sexual assault" against Plaintiff in violation of his constitutional rights.[1]

Plaintiff alleges he developed a medical condition as a result of the unprotected sexual intercourse, and that Defendants Kenneth Reed, Henry Willis, Herman King, Jack Smalligan, John Szuba, and Kay Greenwell denied Plaintiff medical treatment,

---

[1] Plaintiff also alleges Defendant Mitchell was terminated from his position as a correctional officer after an internal affairs investigation was conducted as a result of the incidents in question. Defendant Mitchell does not refute this fact.

which amounted to deliberate indifference. Plaintiff does not allege Defendant Mitchell denied him medical treatment.

On August 3, 2005, this Court granted Plaintiff's motion for leave to file an amended complaint to join additional parties. On December 1, 2005, Plaintiff filed his Amended Complaint, adding Defendants St. Louis County Corrections Medicine and the St. Louis County Justice Center. Defendant Mitchell moves to strike Plaintiff's Amended Complaint, claiming that in addition to joining additional parties, Plaintiff added new facts and legal theories. Defendant Mitchell also contends he is entitled to summary judgment because Plaintiff cannot show that having unprotected sex with another female inmate amounts to sexual assault in violation of any constitutional right.

**Standard of Review**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, a court may grant summary judgment if the information before it shows that there are no material issues of fact in dispute and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden of proof is on the moving party to set forth the basis of its motion, *Mt. Pleasant v. Associated Elec. Co-op,. Inc.,* 838 F.2d 268, 273 (8th Cir. 1988), and the court must view all facts and inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). Once the burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving

party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-moving party may not rest upon his pleadings, but must come forward with affidavits or other admissible evidence to rebut the motion. *Celotex*, 477 U.S. at 324.

## Discussion

**Mitchell's Motion to Strike**

Defendant Aaron Mitchell moves to strike portions of Plaintiff's Amended Complaint, claiming Plaintiff goes far beyond simply amending the Complaint when he added St. Louis County Corrections Medicine and St. Louis County Justice Center as Defendants. Specifically, Defendant Mitchell contends paragraphs VI(1) through VI(5) and Legal Claim No. 1 of Plaintiff's Amended Complaint contain new facts and legal theories which would require additional discovery. The Court, however, is mystified as to how Defendant Mitchell has perceived a prejudicial difference between the Complaints, since a side-by-side comparative analysis of the two Complaints reveals the paragraphs at issue to be virtually *identical*. In no way do the paragraphs complained of in Plaintiff's Amended Complaint deviate from the same paragraphs set forth in the initial Complaint. Defendant Mitchell's motion to strike will, therefore, be denied.

**Mitchell's Motion for Summary Judgment**

Defendant Mitchell claims there are no genuine issues of material fact with regard to Plaintiff's allegation that Mitchell sexually assaulted Plaintiff by forcing him to have unprotected sex with a female inmate. This Court disagrees.

Defendant argues that Plaintiff inappropriately claims the alleged sexual assault against Plaintiff was cruel and unusual punishment in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution. While Plaintiff does not allege a violation of any substantive or procedural due process right pursuant to the Fifth and Fourteenth Amendments, Plaintiff *does* allege cruel and unusual punishment with regard to the forced unprotected sex as well as throughout the body of his Amended Complaint. Because Plaintiff is *pro se* in this matter, the Court must construe Plaintiff's pleadings liberally and finds that Plaintiff has adequately alleged cruel and unusual punishment in violation of the Eighth Amendment to the U.S. Constitution in relation to Defendant Mitchell's alleged conduct.

The Eighth Amendment to the U.S. Constitution applies to prisoners and prohibits cruel and unusual punishment. *See Hudson v. McMillian,* 503 U.S. 1 (1992); *Whitley v. Albers,* 475 U.S. 312 (1986). To establish cruel and unusual punishment in violation of the Eighth Amendment, an inmate plaintiff must show that he is incarcerated under conditions which pose a substantial risk of harm. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). Second, the inmate must establish that the defendant prison official recklessly disregarded that risk. *Jackson v. Everett,* 140 F.3d

10049, 1151 (8th Cir. 1998); *Spruce v. Sargent,* 149 F.3d 783, 785 (8th Cir. 1998). "For the purposes of failure to protect claims, it does not matter . . . whether a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk." *Hott v. Hennepin County, Minn.,* 260 F.3d 901, 906 (8th Cir. 2001). The question is whether a prison official has a "sufficiently culpable state of mind," meaning that he is deliberately indifferent to an inmate's safety. *Riley v. Olk-Lonk,* 282 F.3d 592, 595 (8th Cir. 2002) (*citing Farmer,* 511 U.S. at 834). The prison official's state of mind is measured by a subjective, rather than an objective, standard. *Id.* (*citing Farmer,* 511 U.S. at 838-39; *Jackson,* 140 F.3d at 1152 ("Deliberate indifference must be viewed from [defendants'] perspective at the time in question, not with hindsight's perfect vision."). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Id.* (*citing Farmer,* 511 U.S. at 837); *see also Spruce,* 149 F.3d at 786 (where plaintiff presents evidence of "very obvious and blatant circumstances" indicating defendant knew the risk existed, jury may properly infer defendant *must* have known).

In this case, Plaintiff alleges Defendant Mitchell sexually assaulted him when Mitchell forced him to have unprotected sexual intercourse with a female inmate. Defendant first argues he is entitled to summary judgment because Plaintiff has shown none of the elements required to prove sexual assault. Yet, whether the conduct

complained of amounts to "sexual assault" as labeled by Plaintiff is a legal conclusion, the determination of which is not currently before this Court. The question is whether a genuine issue of material fact exists with regard to whether Plaintiff was incarcerated under conditions which pose a substantial risk of harm and whether Defendant Mitchell's conduct amounts to a reckless disregard for Plaintiff's safety.

Plaintiff alleges the incident took place as described in the Facts and Background, *supra*, and Defendant Mitchell offers nothing to support his contention that no genuine issues of material fact exist. In fact, Defendant argues repeatedly that Plaintiff did not resist or protest the incidents in question and that Plaintiff fails to claim the incidents violated any of Plaintiff's moral or religious beliefs. Defendant even argues that he had no knowledge of any transmittable disease possessed by the female inmate "or that the event would pose a serious risk of harm or injury to Plaintiff."

The Court finds Defendant's arguments to be repugnant, to say the least, and wholly without merit.[2] Plaintiff has presented "very obvious and blatant circumstances" which indicated Mitchell must have known a substantial risk of serious harm existed, since it was Defendant who actually caused the incident to occur. The record reveals Defendant Mitchell, in causing the incident, had a "sufficiently culpable state of mind" and was deliberately indifferent to Plaintiff's safety. Therefore, a

---

[2]The Court sincerely doubts that Defendant Mitchell's counsel would present such arguments if Plaintiff had been a *female* inmate alleging that Defendant forced or coerced her to have sexual intercourse with another inmate for the purposes of Defendant's gratification.

genuine issue of material fact exists as to whether the conditions under which Plaintiff was incarcerated posed a substantial risk to Plaintiff and whether Defendant Mitchell's conduct amounts to a reckless disregard for Plaintiff's safety in violation of the Eighth Amendment to the U.S. Constitution. Defendant Mitchell's motion for summary judgment will be denied.

### Conclusion

Based on the foregoing, there are genuine issues of material fact in dispute, and Defendant Aaron Mitchell is not entitled to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Aaron Mitchell's Motion to Strike, [#51], is denied;

**IT IS FURTHER ORDERED** that Defendant Aaron Mitchell's Motion for Summary Judgment, [#69], is denied.

Dated this 21st day of March, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE