UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ARTHUR TAYLOR, | ) |
| Plaintiff, | ) ) ) ) ) Case No. 4:05CV540 HEA |
| v. | ) ) |
| AARON MITCHELL, et al., | ) ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants Kenneth Reed, Henry Willis, Herman King, Jack Smalligan, John Szuba and Kay Greenwell's Motion for Summary Judgment, [#47]. Plaintiff has responded to the motions. For the reasons set forth below, Defendants' motion is granted.

## Facts and Background

In April, 2005, Plaintiff filed this action, pursuant to 42 U.S.C. § 1983, against various correctional officers and other prison staff for "sexual assault" and Defendants' subsequent failure to supply Plaintiff with immediate medical attention from a doctor, constituting deliberate indifference toward Plaintiff in violation of Plaintiff's constitutional rights. At the time of the alleged constitutional violations, Plaintiff, Arthur Taylor, was incarcerated in the St. Louis County Justice Center, in Clayton, Missouri.

Plaintiff's Amended Complaint alleges that on May 11 and 13, 2002, Defendant Aaron Mitchell, a former correctional officer at the Justice Center, forced Plaintiff to have unprotected sex with a female inmate for the viewing pleasure of Defendant Mitchell. Plaintiff alleges this conduct on the part of Mitchell was a violation of his constitutional rights. Defendant Mitchell filed a motion for summary judgment, which, as of today's date, has been denied, because genuine issues of material fact exist with regard to whether Aaron Mitchell's conduct violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. Defendant Mitchell remains a party to this lawsuit.

Plaintiff's Amended Complaint also alleges Plaintiff developed a medical condition as a result of the forced unprotected sexual intercourse. Plaintiff claims he notified Defendants Kenneth Reed, Henry Willis, Herman King, Jack Smalligan, John Szuba, and Kay Greenwell that he had developed bumps on his chest and genital area as a result of sexual incident and that he needed immediate medical attention. Plaintiff claims Defendants denied Plaintiff medical treatment, which amounted to deliberate indifference.[1]

The record reveals that Plaintiff first requested medical treatment on May 13, 2006, and asked an unidentified correctional officer if he could be seen by a nurse. Nurse Mary Guccione (not a defendant in this action), arrived at Plaintiff's cell that

---

[1] Plaintiff does not allege Aaron Mitchell denied him medical treatment.

day. Plaintiff told her he had chest pains, but then told Nurse Guccione in a laughing manner, "I just wanted to see you." The nurse noted that no treatment was necessary at that time. Plaintiff was seen by a nurse two other times on May 13, 2002, and never reported having unprotected sex.

On May 18, 2002, Plaintiff was seen by Nurse Mike Czerniejewski (not a defendant), after Plaintiff complained of bumps on his chest. Czerniejewski noted that no bumps could be seen on Plaintiff's chest.

Nurse Czerniejewski evaluated Plaintiff again on May 20, 2002 after receiving a request from Defendant Lt. Herman King to access Plaintiff. Plaintiff again complained of bumps on his chest. Czerniejewski noted a small raised area on the left side of Plaintiff's chest, the size of a small pimple. Plaintiff also complained of genital warts, but Czerniejewski did not observe them on Plaintiff's penis. Czerniejewski advised Plaintiff to keep an eye on the suspected bumps and to let him know if there was a change in their size or if more bumps appeared.

On June 3, 2003 Defendant Kay Greenwell received a note from Plaintiff complaining of bumps on his chest and pubic area, which he claimed were first noticed on May 13, 2002. Plaintiff stated it was "from a situation that happened on the 8th floor with a C.O. that is no longer working here." Plaintiff was then placed as a "Number 1 Priority" and scheduled to be seen on June 4, 2002.

On June 4, 2002, Plaintiff was seen by Dr. Rottnek (not a defendant). Dr. Rottnek ordered lab tests[2] and performed a physical examination of Plaintiff. Dr. Rottnek reported that Plaintiff told him he was coerced into unprotected vaginal intercourse with a female inmate on the 8th floor of the Justice Center. Despite his numerous visits with various nurses, Plaintiff told Dr. Rottnek he had not been seen by a medical provider since the activity ended on May 13, 2002. Dr. Rottnek noted that Plaintiff did not have penile/genital trauma, and that there was no tenderness or edema. Plaintiff denied having a fever, malaise, nausea, or vomiting, and claimed he did not experience pain or discharge during urination, symptoms which would be indicative of an STD. Dr. Rottnek did, however, note that there was a small vertical line of 3-millimeter bumps over the left line of pubic hair. Plaintiff was ordered to return to the clinic in two weeks for follow-up.

On June 10, 2002, the results of the panel taken on June 6, were received at the Justice Center. The report shows Plaintiff tested negative for HIV, syphilis and hepatitis A, B, and C.

Because Plaintiff was scheduled to be transferred from the Justice Center to the Missouri Department of Corrections ("DOC") for placement in a penitentiary, Defendant Kay Greenwell prepared a transfer sheet containing special instructions for

---

[2]The record reveals that on June 6, 2002, an HIV, syphilis, and hepatitis panel was drawn from Plaintiff and sent to the labs for testing.

the DOC. Greenwell stated that the results for Plaintiff's recent hepatitis panel and STD tests were negative, but that Plaintiff should be given a medical follow-up and treatment for unprotected sex.

Defendants Reed, Willis, King, Smalligan, Szuba, and Greenwell now contend they are entitled to summary judgment because Plaintiff was seen by medical staff and treated for his alleged condition appropriately. Defendants claim they were not deliberately indifferent to Plaintiff's medical needs, and no genuine issue of material fact exists.

## **Standard of Review**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, a court may grant summary judgment if the information before it shows that there are no material issues of fact in dispute and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden of proof is on the moving party to set forth the basis of its motion, *Mt. Pleasant v. Associated Elec. Co-op,. Inc.,* 838 F.2d 268, 273 (8th Cir. 1988), and the court must view all facts and inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). Once the burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 248 (1986). The non-moving party may not rest upon his pleadings, but must come forward with affidavits or other admissible evidence to rebut the motion. *Celotex*, 477 U.S. at 324.

**Discussion**

Plaintiff's Amended Complaint alleges Plaintiff developed a medical condition as a result of the unprotected sexual intercourse forced upon him by Aaron Mitchell, and that prison staff members Kenneth Reed, Henry Willis, Herman King, Jack Smalligan, John Szuba, and Kay Greenwell (hereinafter "Defendants") denied Plaintiff medical treatment, which amounted to deliberate indifference. Defendants contend they are entitled to summary judgment as a matter of law, because Plaintiff was seen by medical staff on numerous occasions and was treated for his alleged medical condition. They argue Plaintiff cannot show a genuine issue of material fact exists with regard to the alleged deliberate indifference. This Court agrees.

"A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element." *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (*quoting Wison v. Seiter*, 501 U.S. 294, 298 (1991)). To prevail on a deliberate indifference claim against a defendant, a plaintiff must show he suffered from a serious medical need and that defendants knew of, yet disregarded, the need. *See Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004); *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000); *Roberson v. Bradshaw,* 198 F.3d 645, 647 (8th Cir.1999).

**Objective Test**

Plaintiff has failed to show any genuine issues of material fact regarding his Eighth Amendment claims against Defendants. Plaintiff's claim against them does not satisfy the objective aspect of the two prong test, because he has not shown he had serious medical needs. *See Roberson*, 198 F.3d at 648 (need or deprivation alleged must be either obvious to layperson or supported by medical evidence, like physician's diagnosis). While Plaintiff had several visits with various medical staff regarding his suspected contraction of genital herpes, there is no evidence that the sexually transmitted disease was ever *actually* contracted. Yet, even if Plaintiff were able to establish that he actually did contract a sexually transmitted disease as a result of the incident, Plaintiff has failed to satisfy the subjective element of his Eighth Amendment claim.

**Subjective Test**

Plaintiff also cannot prove that Defendants knew of Plaintiff's suspected serious medical needs and then deliberately disregarded them. The subjective element of an Eighth Amendment claim requires an official act with deliberate indifference to inmate health or safety. *Farmer v. Brennan,* 511 U.S. 825, 835-36 (1994). Deliberate indifference entails a level of culpability equal to the criminal law definition of recklessness, that is, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also

draw the inference. *Id.*, at 837. See also, *Bender v. Regier,* 385 F.3d 1133, 1137 (8th Cir. 2004).

The record before the Court shows that Defendants responded to and/or treated Plaintiff and his suspected condition on numerous occasions. There is no evidence that the correctional officers refused Plaintiff access to medical staff, nor that the medical staff refused to evaluate Plaintiff when he requested medical attention. Medical staff reviewed Plaintiff's medical records, conducted physical examinations, evaluated Plaintiff's complaints and concerns and ordered tests when warranted. This course of treatment was consistent with Plaintiff's medical needs.

Plaintiff has not shown that he suffered from a serious medical need, nor that Defendants knew of, yet disregarded, the need. As such, Defendants Reed, Willis, King, Smalligan, Szuba, and Greenwell are entitled to summary judgment.

## Conclusion

Because Plaintiff cannot establish that there are material issues of fact in dispute, Defendants are entitled to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Kenneth Reed, Henry Willis, Herman King, Jack Smalligan, John Szuba and Kay Greenwell's Motion for Summary

Judgment, [#47], is granted.

Dated this 21st day of March, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE