UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ARTHUR TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Case No. 4:05CV540 HEA |
| v. | ) | |
| | ) | |
| AARON MITCHELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants St. Louis County Justice Center and St. Louis County Corrections Medicine's Joint Motion to Dismiss, [#63]. Plaintiff has not responded to the motion. For the reasons set forth below, Defendants' motion is granted.

## Facts and Background

In April, 2005, Plaintiff filed this action, pursuant to 42 U.S.C. § 1983, against various correctional officers and other prison staff for "sexual assault" and Defendants' subsequent failure to supply Plaintiff with immediate medical attention from a doctor, constituting deliberate indifference toward Plaintiff in violation of Plaintiff's constitutional rights. At the time of the alleged constitutional violations, Plaintiff, Arthur Taylor, was incarcerated in the St. Louis County Justice Center, in Clayton, Missouri.

On August 3, 2005, this Court granted Plaintiff's motion for leave to file an amended complaint to join additional parties. Plaintiff filed his Amended Complaint, on December 1, 2005, adding Defendants St. Louis Count Corrections Medicine and the St. Louis County Justice Center.

Plaintiff's Amended Complaint alleges that on May 11 and 13, 2002, Defendant Aaron Mitchell, a former correctional officer at the Justice Center, forced Plaintiff to have unprotected sex with a female inmate for the viewing pleasure of Defendant Mitchell. Plaintiff alleges this conduct on the part of Mitchell was a violation of his constitutional rights. Defendant Mitchell filed a motion for summary judgment, which, as of today's date, has been denied, because genuine issues of material fact exist with regard to whether Aaron Mitchell's conduct violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. Defendant Mitchell remains a party to this lawsuit.

Plaintiff's Amended Complaint also alleges Plaintiff developed a medical condition as a result of the forced unprotected sexual intercourse. Plaintiff claims he notified Defendants Kenneth Reed, Henry Willis, Herman King, Jack Smalligan, John Szuba, and Kay Greenwell that he had developed bumps on his chest and genital area as a result of sexual incident and that he needed immediate medical attention. Plaintiff claims Defendants denied Plaintiff medical treatment, which amounted to deliberate indifference. Defendants Reed, Willis, King, Smalligan, Szuba, and Greenwell have

also filed a motion for summary judgment, which, as of today's date, has been granted, because no genuine issues of material fact existed with regard to whether Defendants were deliberately indifferent to Plaintiff's medical needs.

Plaintiff's Amended Complaint further alleges the St. Louis County Justice Center and St. Louis County Corrections Medicine, as the employers of Defendants, have violated Plaintiff's rights by adopting "customs and practices [which fail] to provide [an] inmate with serious medical attention after an inmate has been sexually assaulted by an [sic] corrections officer, which constitutes 'deliberate indifference.'" Plaintiff also alleges the Justice Center and Corrections Medicine have failed to adequately train and supervise its staff members in violation of Plaintiff's constitutional rights.

St. Louis County Justice Center and St. Louis County Corrections Medicine now move to dismiss Plaintiff's claims against them, arguing Plaintiff has failed to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure .

## Standard of Review

The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint. A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When ruling on

a motion to dismiss, this Court must take the allegations of the complaint as true. *Id;*

*Midwestern Machinery, Inc. v. Northwest Airlines, Inc.*, 167 F.3d 439, 441 (8th

Cir.1999). The complaint must be liberally construed in a light most favorable to the

plaintiff. *Midwestern Machinery,* 167 F.3d at 441; *Springdale Educ. Ass'n v.*

*Springdale Sch. Dist.,* 133 F.3d 649, 651 (8th Cir.1998). "In considering a motion to

dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory

allegations of law and unwarranted inferences." *Silver v. H & R Block, Inc.,* 105 F.3d

394, 397 (8th Cir.1997)..

## Discussion

Plaintiff's Amended Complaint alleges St. Louis County Justice Center and St.

Louis County Corrections Medicine (hereinafter "County Defendants") have adopted

customs and practices which deny inmates access to serious medical attention and that

they have failed to adequately train and supervise its staff members in violation of

Plaintiff's constitutional rights. The County Defendants contend Plaintiff's Amended

Complaint against them should be dismissed, because Plaintiff cannot state a claim

upon which relief can be granted. This Court agrees.

The County Defendants argue that the St. Louis County Justice Center is the

name of a building located in Clayton. The building houses the jail in which Plaintiff

was incarcerated at the time of the alleged incidents, courtrooms, and various offices

of departments of St. Louis County government. The St. Louis County Justice Center, Defendants argue, is the employer of no one. In addition, the County Defendants argue that St. Louis Corrections Medicine is a division of the St. Louis County Health Department. Both the County Department of Health and the Department of Justice Services lack a separate identity, each being an administrative department of St. Louis County, a charter county of the State of Missouri, and thus lack the capacity to be sued.

The St. Louis County Justice Center is not a suable entity. *Catlett v. Jefferson County,* 299 F. Supp.2d 967, 969 n. 1 (E.D. Mo. 2004) (noting unpublished opinion, *De La Garza v. Kandiyohi County Jail,* 18 Fed. Appx. 436, 437 (8th Cir. 2001), where the Court affirmed dismissal of Section 1983 claims against Minnesota county jail and sheriff's department); *see also Powell v. Cook County Jail,* 814 F. Supp. 757, 758 (N.D. Ill. 1993) (jail not a legal entity subject to suit). Perhaps it was Plaintiff's intention to sue the St. Louis County Department of Justice Services ("DJS"). Yet, even if the St. Louis County Justice Center were construed as the DJS, it would still maintain its identity as lacking the capacity to be sued. As an administrative department of St. Louis County, which is also a charter county of the State of Missouri, the DJS lacks the capacity to be sued under the applicable state law and, thus, may not be sued in federal court under Section 1983. *Catlett,* 299 F. Supp.2d at 968-69.

Likewise, St. Louis County Corrections Medicine, as a division of the St. Louis County Department of Health, lacks the capacity to be sued. Even if Plaintiff's

Amended Complaint were construed as against St. Louis County Department of Health, the Missouri Supreme Court held long ago that departments of a municipality cannot be sued unless statutory authorization to sue and be sued has been given to the departments. *Catlett,* 299 F. Supp.2d at 969 (*citing American Fire Alarm Co. v. Bd. of Police Comm'rs of Kansas City,* 227 S.W. 114, 116 (1920) ("[t]he health department, water department, sewer department, or any other department or utility of a city, unless expressly made suable by statute, cannot be sued either on a contract or for a tort; and this for the reason that if liability exists, the city itself is the party liable, and not the particular department the conduct of which gave rise to the cause of action.").

The Court therefore finds no statutory authorization for the St. Louis County Justice Center and St. Louis County Corrections Medicine to be sued. These entities are mere divisions within departments of St. Louis County and are not legal entities subject to suit under Section 1983. As a result, it appears beyond doubt that Plaintiff can prove not set of facts in support of the claim against the County Defendants entitling him to relief. Any claims based on the conduct of the County Defendants are properly asserted against St. Louis County, Missouri.

## **Conclusion**

For the foregoing reasons, Plaintiff's Amended Complaint against the County Defendants will be dismissed, as Plaintiff has failed to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants St. Louis County Justice Center and St. Louis County Corrections Medicine's Joint Motion to Dismiss, [#63], is granted.

Dated this 21st day of March, 2006.

_____
     HENRY  EDWARD AUTREY
UNITED STATES DISTRICT JUDGE